# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-40102
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 4, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIO CESAR MALDONADO-GONZALEZ, also known as Burqueti,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CR-252-6

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Julio Cesar Maldonado-Gonzalez filed a 28 U.S.C. § 2255 motion challenging the sentence imposed upon his conviction for conspiracy to distribute and to possess with the intent to distribute methamphetamine and was sentenced to 188 months of imprisonment. The district court granted Maldonado-Gonzalez's § 2255 motion, vacated his sentence, and ordered resentencing. At the resentencing proceeding, the district court sentenced

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40102

Maldonado-Gonzalez within the guidelines range to 151 months of imprisonment. He appeals.

Maldonado-Gonzalez argues that under *Pepper v. United States*, 562 U.S. 476 (2011), the district court plainly erred in imposing his sentence by failing to indicate that it had considered evidence of his postsentencing rehabilitative efforts. As he acknowledges, his failure to object on this ground in the district court results in plain-error review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

To show the requisite plain error, Maldonado-Gonzalez must demonstrate a clear or obvious forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, this court "should exercise its discretion to correct the forfeited error if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1905 (2018) (quoting *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1340 (2016)).

Maldonado-Gonzalez has not shown that any error was clear or obvious because, though *Pepper* permits a district court to consider postsentencing rehabilitative conduct, it is not clear that *Pepper* mandates consideration of such conduct. *See Pepper*, 562 U.S. at 490; *United States v. Warren*, 720 F.3d 321, 326–27 (5th Cir. 2013).

Accordingly, the district court's judgment is AFFIRMED.